**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | |
| v. | No. 09-2237 |
| | (D.Ct. No. 1:09-CR-01847-WJ-1) |
| MANUEL URQUIAGA-GONZALEZ, | (D. N.M.) |
| Defendant-Appellant. | |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BARRETT**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-Appellant Manuel Urquiaga-Gonzalez pled guilty to one count of unlawful reentry of a previously removed alien subsequent to a felony

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conviction, in violation of 8 U.S.C. § 1326(a)(1) and (2) and (b)(2). The district court sentenced him to thirty-three months imprisonment. Although Mr. Urquiaga-Gonzalez appeals his conviction and sentence, his attorney has filed an *Anders* brief and a motion for permission to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On July 6, 2009, Mr. Urquiaga-Gonzalez entered into a "Fast Track Plea Agreement" and pled guilty to unlawful reentry in violation of 8 U.S.C. § 1326(a)(1) and (2) and (b)(2). As part of his plea agreement, he waived his right to appeal any sentence within the applicable United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range and collaterally attack his conviction, except for ineffective assistance of counsel claims. Also, in his plea agreement and as discussed during the plea hearing, Mr. Urquiaga-Gonzalez acknowledged, in part, he: (1) understood the Constitutional rights he was waiving; (2) knew the maximum possible penalty for his crime was twenty years; (3) was aware the court would consider the Guidelines in determining his sentence; (4) agreed on the accuracy of all the facts alleged in support of the crime of illegal reentry; and (5) acknowledged he entered his plea freely and voluntarily. Following its questioning of Mr. Urquiaga-Gonzalez during the plea

hearing, the district court found him fully competent and capable of entering an informed plea; that he understood the nature of the charges and consequences of the plea; and that his guilty plea was knowing and voluntary and supported by independent evidence as to the elements of the offense charged. It then accepted Mr. Urquiaga-Gonzalez's guilty plea.

Thereafter, a probation officer prepared a presentence report calculating Mr. Urquiaga-Gonzalez's sentence under the applicable 2008 Guidelines. The probation officer set the base offense level at eight, under U.S.S.G. § 2L1.2(a), and added a sixteen-level adjustment, under U.S.S.G. § 2L1.2(b)(1)(A)(i), because Mr. Urquiaga-Gonzalez had been deported subsequent to having been convicted of an aggravated felony involving drug trafficking. In addition, based on his acceptance of responsibility, the probation officer included a three-level reduction, for a total offense level of twenty-one. A total offense level of twenty-one, together with a criminal history category of IV, resulted in a Guidelines imprisonment range of fifty-seven to seventy-one months. However, the probation officer also calculated a three-level downward departure based on Mr. Urquiaga-Gonzalez's participation in the early disposition program, known as the "Fast Track" program, which resulted in a Guidelines imprisonment range of forty-one to fifty-one months.

Thereafter, Mr. Urquiaga-Gonzalez's counsel objected to the inclusion of one of Mr. Urquiaga-Gonzalez's criminal convictions (for speeding, driving with an open container, and having no automobile insurance) in calculating his sentence. The district court agreed the conviction should not be considered and reduced his criminal history score by one point, resulting in a Guidelines range of thirty-three to forty-one months imprisonment. The district court then sentenced him to thirty-three months imprisonment, at the low end of the newly-calculated Guidelines range.

Following Mr. Urquiaga-Gonzalez's timely pro se notice of appeal, his appointed counsel filed an *Anders* appeal brief explaining no meritorious issues exist on appeal. *See Anders*, 386 U.S. at 744. In support, counsel points out: (1) Mr. Urquiaga-Gonzalez pled guilty in conjunction with a plea agreement stating he waived his appeal rights; (2) the district court correctly calculated his sentence and sentenced him at the low end of the Guidelines range; and (3) his guilty plea was knowing, intelligent, and voluntary. Pursuant to *Anders,* this court gave Mr. Urquiaga-Gonzalez an opportunity to respond to his counsel's *Anders* brief. *See id.* On February 3, 2010, Mr. Urquiaga-Gonzalez filed a response, stating his attorney made a representation to him that his sentence would be thirty months or less, and, therefore, he did not "represent me as he should have." He also states the district court added three months to his sentence for an offense of driving

while intoxicated which he did not commit. The government filed a notice of its intention not to file an answer brief in this appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* A review of the plea agreement and hearing establishes Mr. Urquiaga-Gonzalez's guilty plea was voluntarily, knowingly, and intelligently entered and that sufficient evidence supported both his plea and conviction. Having established the record supports his conviction, we review his sentence for reasonableness, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. The district court sentenced him to thirty-three months imprisonment, which is at the low end of the properly-calculated advisory Guidelines range and entitled to a rebuttable presumption of reasonableness. *Id.* at 1053-55.

Mr. Urquiaga-Gonzalez has not rebutted this presumption with any nonfrivolous reason warranting a lower sentence. *Id.* Instead, he raises an ineffective assistance argument. We have long held that ineffective assistance of counsel claims should be brought in collateral proceedings and not on direct appeal. *See United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005). We

-5-

have further held "'[s]uch claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.'" *Id.* (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995)). As a result, we decline to consider Mr. Urquiaga-Gonzalez's ineffective assistance of counsel claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (holding "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance").

In addition, nothing in the record supports his contention the district court somehow increased his sentence for driving while under the influence of alcohol. Neither the presentence report nor any other portion of the record shows he was ever convicted of such a charge or that the district court considered such a charge in calculating his sentence.

### III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Urquiaga-Gonzalez's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge